IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAY JUNIOR AIKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-191 |
| | ) | |
| WARDEN TED PHILPIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Ware State Prison in Waycross, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his case in the Middle District of Georgia, and as a result of filing an original and amended complaint, forty-five defendants located throughout the state of Georgia are listed on the docket. (See doc. nos. 1, 10.) By order of United States District Judge Marc Thomas Treadwell, several Defendants in located in the Middle District and Northern District of Georgia were dismissed, and Judge Treadwell transferred the remaining claims to the Southern District of Georgia. (See doc. nos. 14, 15.) Although Plaintiff raises claims in his amended complaint against Defendants at Ware State Prison located in the Waycross Division and against Defendants at Augusta State Medical Prison in the Augusta Division, (doc. no. 10), the Clerk of Court chose to docket the case in the Augusta Division. The claims against Defendants in the Southern District were not screened prior to transfer.

Because he is proceeding IFP, Plaintiff's pleading must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's amended complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

## I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may "consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does

not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983" requires that prisoner plaintiffs disclose: (1) whether they ever filed a lawsuit dealing with the same or similar facts involved in the present lawsuit, (2) whether, while incarcerated or detained, they ever filed a lawsuit dealing with facts other than those involved in the present lawsuit, and other than an appeal or request for collateral relief related to their underlying conviction, and (3) whether any such suit filed IFP in federal court was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 10, pp. 2-3.) If there is more than one such lawsuit, the additional lawsuits must be described on a separate piece of paper. (Id.)

## II.   DISCUSSION

Here, Plaintiff stated he filed one prior case in the Southern District of Georgia, Aiken v. Perry, CV 514-097 (S.D. Ga. Nov. 20, 2014), related to the instant case and one other pending case in the Western District of North Carolina, Aiken v. Lee, CV 117-097 (W.D.N.C. Apr. 3, 2017). (Id. at 2.) When asked whether any IFP lawsuit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim, Plaintiff marked "yes" and "no," and although he asserted he did not know the docket number of the case, he had a case dismissed in the "Norcross" Division of the Southern District of Georgia.[1] (Id. at 3.) However, the Court is aware of at least two other cases Plaintiff filed in federal court prior to the date Plaintiff signed his amended complaint, June 10, 2019, (see doc. no. 10, p. 23), one

---

[1]Plaintiff filed Aiken v. Kemp, CV 514-075 in the Waycross Division of this Court, and the case was transferred to the Dublin Division, Aiken v. Kemp, CV 314-111, and dismissed without prejudice as a sanction for dishonesty in failing to disclose filing two cases concerning the same facts. CV 314-111, doc. nos. 25, 30 (S.D. Ga. Mar. 10, 2015).

of which was dismissed for failure to state a claim: (1) Aiken v. Augusta Med. College, CV 517-162 (M.D. Ga. May 1, 2017) (proceeding past IFP screening but dismissed, *inter alia*, based on failure to exhaust administrative remedies raised in motion to dismiss); and (2) Aiken v. Hall, CV 116-248 (W.D.N.C. July 15, 2016) (dismissed at screening for failure to state a claim).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to

serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).  As discussed above, Plaintiff's disclosures concerning his prior federal lawsuits was blatantly dishonest.  Accordingly, this case should be dismissed without prejudice as a sanction for the dishonesty.

### III.  CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 5th day of November, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA